**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                            Case No. 6:11-cr-49-Orl-28DAB

**TATIANA BELINSCHI,**
**ALEXANDR POSTICA,**
**SAIDA BABAEVA,**
**KATERYNA KRYKOVLYUK,**
**ELENA SHASHUROVA,**
**VLADA BLISCIUC,**
**ELENA ABUSHINOVA,**
**IRINA LUCHINA,**
**ALEKSANDRA LIUBINA,**
**NATALIA FEDOROVA, and**
**ALINA PRIADKO**

_____

**ORDER**

This case is before the Court on the Motion in Limine as to Other Crimes, Wrongs or Acts (Doc. 231) filed by Defendants Saida Babaeva, Alina Priadko, Elena Shashurova, Alexandr Postica, Elena Abushinova, Kateryna Krykovlyuk, and Tatiana Belinschi (collectively "Defendants"). The Government's Response was contained in its Omnibus Response to Docs. 228, 230, 231, 232 (Doc. 241); and a hearing on this and other matters was held on October 14, 2011. As explained below, Defendants' motion is denied.

Defendants are charged with conspiring to commit various immigration and prostitution offenses. Specifically, as part of the charges against Defendants, the Government alleges that Defendants were aliens during the conspiracy, (Indictment, Doc.

1, at 4-5), and that they operated a commercial sex business out of "various massage parlors around the United States," (id. at 6).

The first evidence Defendants seek to exclude is a Miami Beach Police Department Complaint/Arrest Affidavit dated November 10, 2009, charging Defendant Babaeva with violating Ordinance 8A-172, Doing Business without a License. "The ordinance violation occurred when Ms. Babaeva worked as a masseuse in Miami [Florida]" without a license to do so. (Doc. 231 at 2). Ms. Babaeva does not challenge the admission of the events leading to her arrest—only the fact of her arrest. The basis for Ms. Babaeva's motion is that the evidence is irrelevant under Federal Rule of Evidence 401, that it is prohibited character evidence under Rule 404(b), and that it is unduly prejudicial and likely to cause confusion under Rule 403. Defendants' arguments are not well-taken.

The fact that Ms. Babaeva was arrested for working as a masseuse without a license during the time period of the alleged conspiracy is relevant to the issues of whether Defendants were operating a commercial sex business and whether Ms. Babaeva was an alien. It has a tendency to prove that Ms. Babaeva was working in a massage parlor–the location where the commercial sex business allegedly took place–and the fact that she was doing so without a license has a tendency to prove that illegal activity may have been taking place. Additionally, if the fact that she was arrested were excluded, the jury may draw inferences against the investigating officer, who will be a testifying witness at trial.

Furthermore, introduction of the fact of Ms. Babaeva's arrest will not be unduly prejudicial or cause confusion. It is not the arrest itself but the actions leading up to it that will be prejudicial to Ms. Babaeva, and, as she has admitted, those are clearly admissible.

And, as this arrest is tied to the issues of this case, confusion is not likely. Finally, as indicated above, evidence of Ms. Babaeva's arrest is relevant to issues other than her character, and therefore it is not barred by Rule 404(b).

Next, Defendants move to exclude any evidence of "immigration violations including, but not limited to, overstaying an entry visa, working without a work permit, failing to pay taxes on wages, being designated for removal, and any removal appeal filed by [] Defendants, including the grounds for appeal." (Doc. 231 at 3). Defendants argue that this evidence is not relevant under Rule 401 and that it is unduly prejudicial under Rule 403. As part of the crimes charged, the Government must prove that Defendants are aliens. Therefore, this information is indeed relevant, and while it may not be favorable to Defendants, it is not unduly prejudicial.

In accordance with the foregoing, Defendants' Motion in Limine as to Other Crimes, Wrongs or Acts (Doc. 231) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 18th day of October, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
TATIANA BELINSCHI
ALEXANDR POSTICA

SAIDA BABAEVA
KATERYNA KRYKOVLYUK
ELENA SHASHUROVA
VLADA BLISCIUC
ELENA ABUSHINOVA
IRINA LUCHINA
ALEKSANDRA LIUBINA
NATALIA FEDOROVA
ALINA PRIADKO